<table>
<tr><td><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy       06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Bylegacy Team, Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **85-2881068** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** <br><br> **10009A Grand Ave. Suite A** <br> **Franklin Park, IL 60131** <br> Number, Street, City, State & ZIP Code <br><br> **Cook** <br> County | **Mailing address, if different from principal place of business** <br><br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br> **2345 N Mannheim Road. Melrose Park, IL 60164** <br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.bylegacyteam.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br><br> ☐ Partnership (excluding LLP) <br><br> ☐ Other. Specify: _____ |

Debtor   **Bylegacy Team, Inc.**
Name

Case number *(if known)* _____

---

**7.   Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

__3262__

---

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No
☐ Yes.

---

Debtor    **Bylegacy Team, Inc.**
_____
Name    Case number (*if known*) _____

| | | | | | |
|---|---|---|---|---|---|
| List all cases. If more than 1, attach a separate list | Debtor | | | Relationship | |
| | District | | When | Case number, if known | |

---

**11. Why is the case filed in *this district*?**    *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____
         Contact name _____
         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor   **Bylegacy Team, Inc.**                                    Case number (*if known*) _____
Name

| Request for Relief, Declaration, and Signatures |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July  2, 2024**
              MM / DD / YYYY

_X_ **/s/ Gabriela Santamaria**                         **Gabriela Santamaria**
Signature of authorized representative of debtor          Printed name

Title   **President**

---

**18. Signature of attorney**

_X_ **/s/ O. Allan Fridman**                              Date   **July  2, 2024**
Signature of attorney for debtor                                 MM / DD / YYYY

**O. Allan Fridman 6274954**
Printed name

**Law Office of Allan Fridman**
Firm name

**555 Skokie Blvd 500**
**Northbrook, IL 60062**
Number, Street, City, State & ZIP Code

Contact phone   **847-412-0788**        Email address   **allan@fridlg.com**

**6274954 IL**
Bar number and State

**Fill in this information to identify the case:**

Debtor name   **Bylegacy Team, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July 2, 2024**        X **/s/ Gabriela Santamaria**
Signature of individual signing on behalf of debtor

**Gabriela Santamaria**
Printed name

**President**
Position or relationship to debtor

Fill in this information to identify the case:

Debtor name | **Bylegacy Team, Inc.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **City of Chicago 2 N. LaSalle St Suite 320 Chicago, IL 60601** | | **Building code violations suit agianst all owners of the association** | | | | $0.00 |
| **Fernando M Vian-Attorney 2136 Schiller Avenue Wilmette, IL 60091** | | **attorney fees** | | | | $1,500.00 |

**Fill in this information to identify the case:**

Debtor name **Bylegacy Team, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1.  ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*................................................................................ $     **442,000.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*............................................................................ $     **8,000.00**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*............................................................................. $     **450,000.00**

| Part 2: | Summary of Liabilities |
|---|---|

2.  ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................... $     **252,442.06**

3.  ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*.............................................................. $     **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................................ +$     **1,500.00**

4.  Total liabilities ....................................................................................................
    Lines 2 + 3a + 3b
        $     **253,942.06**

**Fill in this information to identify the case:**

Debtor name    **Bylegacy Team, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property      12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. Does the debtor have any cash or cash equivalents?

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | **Chase** | **Checking** | **8367** | **$1,000.00** |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| | |
| --- | --- |
| | **$1,000.00** |

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. Does the debtor have any deposits or prepayments?

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

10. Does the debtor have any accounts receivable?

■ No. Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

13. Does the debtor own any investments?

■ No. Go to Part 5.
☐ Yes Fill in the information below.

Debtor   **Bylegacy Team, Inc.**                                Case number *(If known)* _____
     Name

---

**Part 5:**   **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

  ■ No.  Go to Part 6.
  ☐ Yes Fill in the information below.

---

**Part 6:**   **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

  ■ No.  Go to Part 7.
  ☐ Yes Fill in the information below.

---

**Part 7:**   **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

  ■ No.  Go to Part 8.
  ☐ Yes Fill in the information below.

---

**Part 8:**   **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

  ☐ No.  Go to Part 9.
  ■ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| 47.  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1.  **2008 BMW Z4 100000** | $0.00 | | $6,000.00 |

48.   **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors,
     floating homes, personal watercraft, and fishing vessels

49.   **Aircraft and accessories**

50.   **Other machinery, fixtures, and equipment (excluding farm
     machinery and equipment)**

51.   **Total of Part 8.**                                                                    | $6,000.00 |
     Add lines 47 through 50.  Copy the total to line 87.

52.   **Is a depreciation schedule available for any of the property listed in Part 8?**
     ■ No
     ☐ Yes

53.   **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
     ■ No
     ☐ Yes

---

**Part 9:**   **Real property**

54. **Does the debtor own or lease any real property?**

  ☐ No.  Go to Part 10.

Debtor    **Bylegacy Team, Inc.**                                    Case number *(If known)* _____
        Name

■ Yes Fill in the information below.

55.    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **2345 N Mannheim Rd., Melrose Park, IL 60164 Purchase by Land sale contract in** | Fee simple | $0.00 | | $350,000.00 |
| 55.2. **4351 W. 76th St, Unit 204, Chicago, IL 60652** | Fee simple | $0.00 | Liquidation | $92,000.00 |

56.    **Total of Part 9.**                                                                    | $442,000.00 |

       Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
       Copy the total to line 88.

57.    **Is a depreciation schedule available for any of the property listed in Part 9?**
       ■ No
       ☐ Yes

58.    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
       ■ No
       ☐ Yes

**Part 10:**    **Intangibles and intellectual property**

59.  **Does the debtor have any interests in intangibles or intellectual property?**

     ☐ No.  Go to Part 11.
     ■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.    **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61.    **Internet domain names and websites www.bylegacyteam.com** | $0.00 | Liquidation | $1,000.00 |

62.    **Licenses, franchises, and royalties**

63.    **Customer lists, mailing lists, or other compilations**

64.    **Other intangibles, or intellectual property**

65.    **Goodwill**

Debtor    **Bylegacy Team, Inc.**                                    Case number *(If known)* _____
_____
Name

| 66. | **Total of Part 10.** | $1,000.00 |
|---|---|---|

Add lines 60 through 65. Copy the total to line 89.

67.    **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**
■ No
☐ Yes

68.    **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
■ No
☐ Yes

69.    **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No.  Go to Part 12.
☐ Yes Fill in the information below.

Debtor    **Bylegacy Team, Inc.**_____    Case number *(If known)* _____
　　　　　　Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $1,000.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $6,000.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ..........................................> | | $442,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $1,000.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $8,000.00 | + 91b. $442,000.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $450,000.00 |

**Fill in this information to identify the case:**

Debtor name   **Bylegacy Team, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)  _____

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                **12/15**

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A | Column B |
|---|---|---|---|
| | | **Amount of claim**  Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

| | | |
|---|---|---|
| **2.1** **5 HOLE ACQUISITIONS, INC.**  Creditor's Name  **C/O DAN ELKIN as agent 100 N LA SALLE ST STE 1500 Chicago, IL 60602**  Creditor's mailing address | Describe debtor's property that is subject to a lien  **2345 N Mannheim Rd., Melrose Park, IL 60164 Purchase by Land sale contract in** | $206,345.25 | $350,000.00 |

Creditor's email address, if known

Describe the lien
**Statutory Lien**
Is the creditor an insider or related party?
☑ No
☐ Yes
Is anyone else liable on this claim?
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**Date debt was incurred**
**5-12-2022**
**Last 4 digits of account number**
**0789**
**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor and its relative priority.
**1. 5 HOLE ACQUISITIONS, INC.**
**2. Maria Papas- Cook County Treasurer**

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

| | | |
|---|---|---|
| **2.2** **Maria Papas- Cook County Treasurer**  Creditor's Name  **118 N Clark St Unit 112, Chicago, IL 60602**  Creditor's mailing address  **LBankruptcy@cookcountytreasurer.com**  Creditor's email address, if known | Describe debtor's property that is subject to a lien  **2345 N Mannheim Rd., Melrose Park, IL 60164 Purchase by Land sale contract in** | $46,096.81 | $350,000.00 |

Describe the lien
**Statutory Lien**
Is the creditor an insider or related party?
☑ No
☐ Yes
Is anyone else liable on this claim?
☑ No

**Date debt was incurred**

Debtor    **Bylegacy Team, Inc.**
_____    Case number (_if known_) _____
Name

**2023**
**Last 4 digits of account number**
**0000**
_____

**Do multiple creditors have an
interest in the same property?**

☐ No

■ Yes. Specify each creditor,
including this creditor and its relative
priority.

**Specified on line 2.1**
_____

☐ Yes. Fill out _Schedule H: Codebtors_ (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

---

3.    **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    | $252,442.06 |

---

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Sean Weil, as president of 5 Hole Acquisitions, Inc.**<br>**1954 FIRST ST**<br>**Highland Park, IL 60035** | Line  **2.1** | |

**Fill in this information to identify the case:**

Debtor name **Bylegacy Team, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                      12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
    out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
|---|---|---|
| **3.1** Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
| **City of Chicago** | ☐ Contingent | |
| **2 N. LaSalle St Suite 320** | ☐ Unliquidated | |
| **Chicago, IL 60601** | ☐ Disputed | |
| Date(s) debt was incurred  09/08/2023 | **Basis for the claim:** Building code violations suit agianst all owners of the association | |
| Last 4 digits of account number  1241 | Is the claim subject to offset? ■ No  ☐ Yes | |
| **3.2** Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$1,500.00** |
| **Fernando M Vian- Attorney** | ☐ Contingent | |
| **2136 Schiller Avenue** | ☐ Unliquidated | |
| **Wilmette, IL 60091** | ☐ Disputed | |
| Date(s) debt was incurred  _ | **Basis for the claim:** attorney fees | |
| Last 4 digits of account number  _ | Is the claim subject to offset? ■ No  ☐ Yes | |

### Part 3:   List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies,
   assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | | |

### Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | **Total of claim amounts** |
|---|---|---|
| 5a. Total claims from Part 1 | 5a.   $ | **0.00** |
| 5b. Total claims from Part 2 | 5b.  + $ | **1,500.00** |
| 5c. Total of Parts 1 and 2  Lines 5a + 5b = 5c. | 5c.   $ | **1,500.00** |

**Fill in this information to identify the case:**

Debtor name    **Bylegacy Team, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
       ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
       ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1.    State what the contract or lease is for and the nature of the debtor's interest | **Purchase contract for 2345 Manheim Rd., Melrose Park, IL 60164- for $350,000 subject to finance contingency** |
| State the term remaining | |
| List the contract number of any government contract | **Hilda Zamora 3960 W. 68th Place Chicago, IL 60629** |

**Fill in this information to identify the case:**

Debtor name    **Bylegacy Team, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | | Street<br><br>City          State          Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | Street<br><br>City          State          Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | Street<br><br>City          State          Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | Street<br><br>City          State          Zip Code | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case:**

Debtor name    **Bylegacy Team, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    **04/22**

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
| --- | --- |

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
| --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** From  **1/01/2024** to **Filing Date** | ☑ Operating a business<br>☐ Other | $125,449.98 |
| **For prior year:** From  **1/01/2023** to **12/31/2023** | ☑ Operating a business<br>☐ Other | $119,000.00 |
| **For year before that:** From  **1/01/2022** to **12/31/2022** | ☑ Operating a business<br>☐ Other | $18,614.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None.

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
| --- | --- | --- |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☑ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
| --- | --- | --- | --- |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments

Debtor   **Bylegacy Team, Inc.**                                    Case number *(if known)* _____

listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.   **See Exhibit 1  for payment reimbursement** | | **$49,870.00** | **See Attached for list and explanation** |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

## Part 3:   Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.   **City of Chicago v. 4260-4350 W FORD CITY, et al 20231401241** | **Building Code Violations against entire association** | **Circuit Court of Cook County 50 Washington Chicago, IL 60601** | ☑ Pending ☐ On appeal ☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

## Part 4:   Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

Debtor  **Bylegacy Team, Inc.**                                          Case number *(if known)* _____

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

---

**Part 6:**    **Certain Payments or Transfers**

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1. **Law Office of Allan Fridman 555 Skokie Blvd 500 Northbrook, IL 60062** | **Attorney Fees** | **06/28/24** | **$8,262.00** |
| **Email or website address allan@fridlg.com** | | | |
| **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:**    **Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:**    **Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

Debtor   **Bylegacy Team, Inc.**                                        Case number *(if known)* _____

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | | |

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | | | |

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | | | |

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

## Part 12: Details About Environment Information

| Debtor | Bylegacy Team, Inc. | Case number *(if known)* | |
|---|---|---|---|

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**Part 13:**    **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| | | |

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
   ☑ None

| Name and address | Date of service<br>From-To |
|---|---|
| | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| | |

Debtor   **Bylegacy Team, Inc.**                                      Case number *(if known)*

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   **Gabriele Santamaria**<br>**1431 46th Court**<br>**Melrose Park, IL 60164** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Gabriele Santamaria** | **1431 46th Court**<br>**Melrose Park, IL 60164** | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Gabriele Santamaria** | **1431 46th Court**<br>**Melrose Park, IL 60164** | **Secretary** | **was lsited as secretary but not involved in the Debtor** |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

Debtor    **Bylegacy Team, Inc.**

Case number *(if known)* _____

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | | | | **President of Debtor receive commissions from sale and deposit the same into the Debtor's account. The President then pays personal bill and business expenses from the account.** |
| | **Gabriele Santamaria**<br>**1431 46th Court**<br>**Melrose Park, IL 60164** | **$49,870** | **6/2023 to 6/24** | |
| | Relationship to debtor<br>**President** | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:**  **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __July  2, 2024__

**/s/ Gabriela Santamaria**                                 **Gabriela Santamaria**
Signature of individual signing on behalf of the debtor                  Printed name

Position or relationship to debtor    **President**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
☑ Yes

**SOFA question 4**

| Date | Payee | Purpose | Amount |
|------|-------|---------|--------|
| monthly | Shell / Cosco / Citco | Gas | $600.00 |
| monthly | Shell Gas Station | Vehicle Maintenance | $80.00 |
| monthly | NA | Food | $950.00 |
| 06/28/2023 | T Mobile | Mobile Phone Plan | $300.00 |
| 06/28/2023 | Allstate | Vehicle Insurance | $280.00 |
| | | | |
| 06/15/2023 | Juan Jimenez | Rent | $900.00 |
| monthly | NA | Miscellaneous | $650.00 |
| monthly | Shell / Cosco / Citco | Gas | $600.00 |
| monthly | Shell Gas Station | Vehicle Maintenance | $80.00 |
| monthly | NA | Food | $790.00 |
| 07/28/2023 | T Mobile | Mobile Phone Plan | $300.00 |
| 07/28/2023 | Allstate | Vehicle Insurance | $280.00 |
| 07/15/2023 | Juan Jimenez | Rent | $900.00 |
| monthly | | Miscellaneous | $650.00 |
| monthly | Shell / Cosco / Citco | Gas | $600.00 |
| monthly | Shell Gas Station | Vehicle Maintenance | $80.00 |
| monthly | NA | Food | $850.00 |
| 08/28/2023 | T Mobile | Mobile Phone Plan | $300.00 |
| 08/28/2023 | Allstate | Vehicle Insurance | $280.00 |
| 08/15/2023 | Juan Jimenez | Rent | $1,550.00 |
| monthly | NA | Miscellaneous | |
| monthly | Shell / Cosco / Citco | Gas | $600.00 |
| monthly | Shell Gas Station | Vehicle Maintenance | $80.00 |
| monthly | NA | Food | $820.00 |
| 09/28/2023 | T Mobile | Mobile Phone Plan | $300.00 |
| 09/28/2023 | Allstate | Vehicle Insurance | $280.00 |
| 09/15/2023 | Juan Jimenez | Rent | $1,550.00 |
| monthly | Shell / Cosco / Citco | Gas | $600.00 |
| monthly | Shell Gas Station | Vehicle Maintenance | $80.00 |
| monthly | NA | Food | $800.00 |
| 10/28/2023 | T Mobile | Mobile Phone Plan | $300.00 |
| 10/28/2023 | Allstate | Vehicle Insurance | $280.00 |
| 10/15/2023 | Juan Jimenez | Rent | $1,550.00 |
| 11/01/2023 | La Rosita | Rent | $1,600.00 |
| 11/02/2023 | La Rosita | Stand 1 | $300.00 |
| 11/04/2023 | La Michoacana | Stand 2 | $900.00 |
| 11/05/2023 | Cinco Estrellas | Stand 3 | $650.00 |
| monthly | Shell / Cosco / Citco | Gas | $600.00 |
| monthly | Shell Gas Station | Vehicle Maintenance | $80.00 |
| monthly | NA | Food | $800.00 |
| 11/28/2023 | T Mobile | Mobile Phone Plan | $300.00 |
| 11/28/2023 | Allstate | Vehicle Insurance | $280.00 |
| 11/15/2023 | Juan Jimenez | Rent | $1,550.00 |
| 12/01/2023 | La Rosita | Rent | $1,600.00 |
| 12/02/2023 | La Rosita | Stand 1 | $300.00 |
| 12/04/2023 | La Michoacana | Stand 2 | $900.00 |
| 12/05/2023 | Cinco Estrellas | Stand 3 | $650.00 |
| monthly | Shell / Cosco / Citco | Gas | $600.00 |
| monthly | Shell Gas Station | Vehicle Maintenance | $80.00 |
| monthly | NA | Food | $800.00 |
| 12/28/2023 | T Mobile | Mobile Phone Plan | $300.00 |
| 12/28/2023 | Allstate | Vehicle Insurance | $280.00 |
| 12/15/2023 | Juan Jimenez | Rent | $1,550.00 |

| Date | Payee | Description | Amount |
|---|---|---|---|
| 02/28/2024 | T Movile | Mobile Phone Plan | $300.00 |
| 02/28/2024 | Allstate | Vehicle Insurance | $280.00 |
| monthly | Shell / Cosco / Citco | Gas | $620.00 |
| monthly | Shell Gas Station | Vehicle Maintenance | $90.00 |
| monthly | NA | Food | $900.00 |
| 03/28/2024 | T Movile | Mobile Phone Plan | $300.00 |
| 03/28/2024 | Allstate | Vehicle Insurance | $280.00 |
| 03/15/2024 | Juan Jimenez | Rent | $900.00 |
| monthly | | Miscellaneous | $650.00 |
| 04/01/2024 | La Rosita | Rent | $1,700.00 |
| monthly | Shell / Cosco / Citco | Gas | $620.00 |
| monthly | Shell Gas Station | Vehicle Maintenance | $90.00 |
| monthly | NA | Food | $900.00 |
| 04/28/2024 | T Movile | Mobile Phone Plan | $300.00 |
| 04/28/2024 | ALL Syate | Vehicle Insurance | $280.00 |
| 04/15/2024 | Juan Jimenez | Rent | $900.00 |
| monthly | | Miscellaneous | $650.00 |
| monthly | Shell / Cosco / Citco | Gas | $620.00 |
| monthly | Shell Gas Station | Vehicle Maintenance | $90.00 |
| monthly | NA | Food | $1,000.00 |
| 05/28/2024 | T Movile | Mobile Phone Plan | $300.00 |
| 05/28/2024 | Allstate | Vehicle Insurance | $280.00 |
| 05/15/2024 | Juan Jimenez | Rent | $900.00 |
| monthly | NA | Miscellaneous | $650.00 |
| monthly | Shell / Cosco / Citco | Gas | $620.00 |
| monthly | Shell Gas Station | Vehi7cle Maintenance | $90.00 |
| monthly | NA | Food | $1,050.00 |
| 06/28/2024 | T Movile | Mobile Phone Plan | $300.00 |
| 06/28/2024 | Allstate | Vehicle Insurance | $280.00 |
| 06/15/2024 | Juan Jimenez | Rent | $900.00 |
| monthly | NA | Miscellaneous | $650.00 |

$49,870.00

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re   **Bylegacy Team, Inc.** _____   Case No. _____

                                        Debtor(s)          Chapter   **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
    compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
    be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     For legal services, I have agreed to accept ......................................   $    **10,000.00**

     Prior to the filing of this statement I have received ......................   $     **8,262.00**

     Balance Due ............................................................................   $     **1,738.00**

2.  $ **1,738.00** of the filing fee has been paid.

3.  The source of the compensation paid to me was:

     ■ Debtor       □ Other (specify):

4.  The source of compensation to be paid to me is:

     ■ Debtor       □ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     □ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
       copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
    e.  [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of
        reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC
        522(f)(2)(A) for avoidance of liens on household goods. Representation of the debtors in any dischargeability
        actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

**July  2, 2024** _____          **/s/ O. Allan Fridman** _____
*Date*                                             **O. Allan Fridman 6274954**
                                                   *Signature of Attorney*
                                                   **Law Office of Allan Fridman**
                                                   **555 Skokie Blvd 500**
                                                   **Northbrook, IL 60062**
                                                   **847-412-0788  Fax: 847-412-0898**
                                                   allan@fridlg.com _____
                                                   *Name of law firm*

# RETAINER AGREEMENT
## BETWEEN O. ALLAN FRIDMAN,
## AS ATTORNEYS, AND   AS CLIENT

### Preambles

Whereas, BYLEGACY TEAM, INC ("the Debtor") has experienced financial difficulties and cannot currently pay its creditors according to the terms of installment agreements; and

Whereas, due to the financial difficulties the Client has determined to file a Chapter 11 Bankruptcy;

Whereas the Client and the Attorneys desire to reduce to writing the terms of the Agreement regarding the Attorneys' representation of the Client in relation to the Chapter 11 case;

Now therefore, in consideration of the obligations of the Attorneys and the Client set forth herein, the Parties hereby agree as follows:

### Article 1. The Attorneys' Duties

1.1 The Attorneys shall represent generally the Client in the workout/Chapter 11 proceeding, including negotiating a plan of reorganization, drafting of a disclosure statement, and the various administrative duties attendant to such a case. The Client understands that some of the matters involved may be complex. Client understands that further investigation by the Attorneys and/or other future events may from time to time change the Attorneys' advice regarding any and all matters brought to them, perhaps materially so. The Attorneys are not obligated to begin or to continue to prosecute or defend any claim that in their sole professional judgment is or becomes objectively or subjectively frivolous, can only be brought in bad faith, or whose continued prosecution comes to constitute bad faith, violates or comes to violate any rule or code of professional ethics, or has or comes to have so little chance of success on the merits that it is not reasonable to expect the Attorneys to continue to invest their time in the prosecution thereof. The Attorneys may advise Client to settle any or all of Client's particular matters in which they become involved.

1.2 If the Client should not act with absolute honesty and integrity with the Attorneys, then the Attorneys may either decline to represent the Client or discontinue such representation immediately and in either such case, the Client agrees not to object to the Attorneys' withdrawal for such reasons in any way.

1.3 Nothing in this Agreement shall prohibit either of the Parties from describing or clarifying the Attorneys' representation regarding a particular matter.

## Article 2. The Attorneys' Authority To Act

2.1 In matters of professional responsibility, the Attorneys shall act in their own discretion as they deem proper under the applicable rules of court and the Illinois Code of Professional Responsibility and/or the Rules of the United States District Court/Bankruptcy Court for the Northern District of Illinois, or such other court(s) wherein the Attorneys may come to represent the Client (collectively "ICPR"), and without any direction from the Client. However, the Client remains free to comment on any aspect of the Attorneys' professional conduct and is encouraged by the Attorneys to do so at any time.

2.2 The Attorneys recognize that it is the Attorneys' general duty to carry out the directions of their principal, the Client, but the Client recognizes that their agents, the Attorneys, are possessed of special skills and training in legal matters beyond those of the Client. Therefore, in matters of general strategy, the Attorneys shall follow the general directions of the Client where such direction does not impinge upon the Attorneys professional responsibilities in any or all matters, or the Attorneys' professional judgment in matters concerning which a full consultation with the Client is not practical-for example, and certainly without limitation, how to proceed in open court, when Client cannot be reached, or when immediate action is needed.

2.3 Anything herein to the contrary notwithstanding, nothing herein shall be construed to limit the Attorneys' responsibilities under the ICPR, but it is the Parties' desire that the provisions hereof be liberally construed to the extent possible to conform to said [ICPR. Should any provision hereof be found to violate the said [CPR, such finding shall not affect the remaining provisions hereof unless such finding would substantially and materially affect the basic purposes hereof, which are to provide the Client with legal representation and to provide for reasonable payment to the Attorneys.

## Article 3. The Attorneys' Fees

3.1 The Debtor has agreed to pay the Attorneys a retainer of Ten Thousand Dollars ($10,000.00) plus filing fees subject to court approval. The Bankruptcy Court may award future retainers and fees.

3.2. All retainers described herein, including all future retainers, are expressly agreed to be "advance payment retainers" as described in *In re Production Associates, Ltd.*, 264 B.R. 180 (Bkrtcy. N.D.IL.2001) and *Dowling* v. *Chicago Options Associates, Inc.,* 2007 WL 1288279 (111.). The Attorneys will commingle the retainer and any future retainer(s) immediately upon receipt with their general funds being obligated only to refund an amount equal to the unearned portion thereof, if any (and not the actual retainer funds themselves), promptly after the termination of the Attorneys' services. Ordinarily, Client has the option to request that the retainer be considered a "security retainer" where Client continues to have an interest in the funds, but Client recognizes and agrees that the Attorneys would not undertake the representation on that basis. The Attorneys are obligated by the *Dowling* case to advise Client of the reason they would decline to represent Client on a security retainer bases, and that reason is the Attorneys do not desire even potentially to compete with the creditors of the debtor-Client. This is advantageous to Client in the

Attorneys' opinion because the *Dowling* case makes specific reference to creditor problems as a reason justifying the advance payment retainer over the security retainer.

3.3. The Parties hereto understand and acknowledge that the amount of services to be provided by the Attorneys and the outcome of the representation are extremely difficult to predict. Compensation will be paid to the Attorneys at their customary hourly rates (including all para-professional staff) as they exist from time to time. The rates are currently $485.00 for O. Allan Fridman changes in rates will be shown on statements sent to the Client by showing each hourly rate being charged for the period involved in the bill.

3.4 All costs charged to the Client, all expenses incurred, and disbursements made by the Attorneys on the Client's behalf in connection with this matter will be payable by the Client in addition to the professional fees. Such expenses typically include but are not limited to: accountants or other expert witnesses and consultants, transcripts, long distance telephone calls, photocopying, messengers, travel costs (both local and longer distances), and electronic mail services. The foregoing list is by way of example only, and the omission of any charge, expense, or disbursement from said list is not intended as a limitation for such possible charges. The Client is responsible for, and shall pay immediately when billed, for the Attorneys' out of pocket costs and for certain expenses billed at standard rates without an exact computation of the Attorneys' costs (such as photocopies not sent to an outside service).

3.5 The Attorneys will be paid through the presentation of applications for compensation presented to and subject to the approval of the bankruptcy court. The Client may be heard regarding any requested fees and reimbursement of requested expenses.

### 3.6 Client acknowledges s/he/it understands that:

A.     **This is NOT a "flat fee" case, but rather the lawyer's fees are calculated on the basis of the number of hours the lawyer works times the lawyer's hourly rate.**

_____ **[Please Initial]**

B.     **Depending on how many hours the lawyer works, the lawyer's bill may be greater than the initial retainer and even subsequent retainers, perhaps substantially so.**

_____ **[Please Initial]**

C.     **All retainers called for in this Agreement become solely the lawyer's property when paid, subject to the return to the Client of any unused hourly portion thereof after payment of the Client's costs, all as more fully described above.**

_____ **[Please Initial]**

D.     **The Client's costs described above are IN ADDITION TO the lawyer's fees.**

_G S_ **[Please Initial]**

E.      **If the lawyer's fees and costs are approved by a Bankruptcy Court, the Bankruptcy Court generally also allows the lawyer to charge for the preparation of the Court papers and Court papers and other work necessary to obtain payment of the lawyer's fees and costs.**

_G S_ **[Please Initial]**

## Article 4. General Provisions

4.1 This Agreement shall be construed under a rule of reasonableness at the time it was entered, examining any provision thereof with a mind that the Parties hereto were acting in good faith and without oppression, attempting to reach a fair and equitable means on which the Attorneys could pursue the Client's interests on behalf of the Client and be paid the reasonable fees provided for herein. All actions taken in accordance herewith shall be construed under a rule of reasonableness as of the time they were taken.

4.2 This Agreement shall be construed according to the laws of the State of Illinois, where it arose, and where it shall substantially or totally be performed. For these reasons, also, venue of any dispute arising out of this Agreement is hereby set exclusively in any Court having subject matter jurisdiction located in Cook County, Illinois, and the Parties agree to submit to the jurisdiction of any such Court.

4.3 The Client may discharge the Attorneys at will.

4.4 This Agreement may be signed in Counterparts.

## Article 5. Legal Advice Regarding This Agreement

5.1 The Attorneys are not representing the Client regarding its entering this Agreement, nor are they rendering any legal advice to the Client regarding same.

5.2 The Client acknowledges and represents that the Attorneys have advised it that it should retain its own independent legal opinion (meaning from legal counsel other than the attorneys) regarding it entering this Agreement with the Attorneys, and that the Client has indeed obtained that independent legal advice or has knowingly waived its right to obtain such independent advice.
The Client is strongly urged and entreated by the Attorneys to obtain such outside, independent, legal opinion of the lawyer or lawyers of its choice before entering this Agreement, and to have said independent attorneys make any inquiries regarding this Agreement as they may so desire.

AGREED

BYLEGACY TEAM, INC.

_Gabriela Santamaria_
Gabriela Santamaria Its President

_O. Allan Fridman_

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Bylegacy Team, Inc.**                                          Case No.
                                                    Debtor(s)            Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Gabriele Santamaria<br>1431 46th Court<br>Melrose Park, IL 60164** | **Common** | **10** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  **July  2, 2024**                          Signature  **/s/ Gabriela Santamaria**
                                                              **Gabriela Santamaria**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Bylegacy Team, Inc.**                                         Case No.
                                    Debtor(s)      Chapter      **11**

### VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                                    **6**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **July  2, 2024**                          **/s/ Gabriela Santamaria**
                                                   **Gabriela Santamaria/President**
                                                   Signer/Title

5 HOLE ACQUISITIONS, INC.
C/O DAN ELKIN as agent
100 N LA SALLE ST STE 1500
Chicago, IL 60602


City of Chicago
2 N. LaSalle St Suite 320
Chicago, IL 60601


Fernando M Vian- Attorney
2136 Schiller Avenue
Wilmette, IL 60091


Hilda Zamora
3960 W. 68th Place
Chicago, IL 60629


Maria Papas- Cook County Treasurer
118 N Clark St Unit 112,
Chicago, IL 60602


Sean Weil, as president of 5 Hole
Acquisitions, Inc.
1954 FIRST ST
Highland Park, IL 60035

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Bylegacy Team, Inc.**                                                 Case No.
                                            Debtor(s)              Chapter      **11**


### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)


Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Bylegacy Team, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:


■ None [*Check if applicable*]


**July  2, 2024**                                         **/s/ O. Allan Fridman**
Date                                                      **O. Allan Fridman 6274954**
                                                          Signature of Attorney or Litigant
                                                          Counsel for    **Bylegacy Team, Inc.**
                                                          **Law Office of Allan Fridman**
                                                          **555 Skokie Blvd 500**
                                                          **Northbrook, IL 60062**
                                                          **847-412-0788 Fax:847-412-0898**
                                                          **allan@fridlg.com**